IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VICKIE K. LIND, No. 22087-045,

Petitioner,

vs.  NO. 13-cv-00143-DRH

BUREAU OF PRISONS, and
WARDEN JAMES CROSS,

Respondents.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Vickie K. Lind is currently incarcerated in the Greenville Federal Correctional Institution ("Greenville"), located within the Southern District of Illinois. Lind brings this habeas corpus action pursuant to 28 U.S.C. § 2241 (Doc. 7). She challenges the prison administration's failure to place her in a Residential Reentry Center ("RRC") and on home confinement for sufficient time to reintegrate into society, as contemplated by the Second Chance Act of 2007, 18 U.S.C. § 3624(c). Lind also contends that her good conduct time ("GTC") has been miscalculated under 18 U.S.C. § 3624(b), shortchanging her by 11 days.

This matter is now before the Court for preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District

Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

### 1. Guiding Legal Standards

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973); *Waletzki v. Keohane,* 13 F.3d 1079, 1080 (7th Cir. 1994). Section 2241 is also available to challenge projections of Good Conduct Time. *See Preiser*, 411 U.S. at 487; *Walker v. O'Brien*, 216 F.3d 626, 635 (7th Cir. 2000). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3624(c) (the Second Chance Act,) the Bureau of Prisons (BOP) has the authority to place inmates in community confinement facilities during the final portion of their sentences for up to 12 months. Specifically:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

*Id.*

The plain language of the Act establishes that inmates are not *entitled* to the full 12 months of placement in an RRC. Section 3624(c)(1) requires only that "to the extent practicable," the BOP must allow an inmate to spend "a portion of the final months" of his term under conditions that will allow him to prepare and adjust for reentry into the community. *Id.* The language is discretionary, and there is simply no guarantee to placement for the maximum amount of time available.

Section 3624(c)(2) further provides: "The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." *Id.*

In exercising its discretion under Section 3624(c), the BOP must make its decision on an individual basis, and in a manner consistent with 18 U.S.C. § 3621(b), in order to "provide the greatest likelihood of successful reintegration into the community" 28 C.F.R. § 570.22. 18 U.S.C. § 3621(b) lists the following factors to be considered in the BOP's evaluation:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence-

> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as appropriate; and

> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

With respect to the calculation of GTC, 18 U.S.C. § 3624(b) provides in pertinent part that a prisoner serving a term of more than one year may receive credit toward their term of imprisonment of up to 54 days for each full year of satisfactory behavior completed, and credit for the last year or portion of a year shall be prorated.

Under the Administrative Procedures Act, courts are empowered to "compel agency action unlawfully withheld or unreasonably delayed" and to "hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706. *See also Vasquez v. Strada,* 684 F.3d 431, 433 (3d Cir. 2012) (the Court's review of the BOP's RRC placement decision is limited to an abuse of discretion).

Before a court can conduct this limited review, it must address the issue of exhaustion. Concerning the requirement to exhaust administrative remedies in the Section 2241 context, the Seventh Circuit notes that there is no statutory exhaustion requirement in Section 2241. *Gonzalez v. O'Connell,* 355 F.3d 1010, 1015–19 (7th Cir. 2004) (citing *James v. Walsh,* 308 F.3d 162, 167 (2d Cir. 2002)). "[W]here Congress has not clearly required exhaustion, sound judicial

discretion governs." *McCarthy v. Madigan,* 503 U.S. 140, 144 (1992).[1]

Exhaustion may be excused when: (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised. *Iddir v. INS,* 301 F.3d 492, 498 (7th Cir. 2002) (internal quotations and citations omitted).

## 2. Relevant Procedural History and Arguments

Petitioner Lind was convicted in 2012 of wire fraud and money laundering; she was sentenced to an 18-month term of imprisonment, to be followed by a three-year term of supervised release (Doc. 7, p. 10).

At this time, the Bureau of Prisons ("BOP") projects that Lind will be entitled to 70 days of GTC, making her scheduled release date November 12, 2013. She is slated for placement in a Residential Reentry Center ("RRC") *or* on home confinement on May 17, 2013 (*see* Doc. 7-1, p. 18).

---

[1] As the Seventh Circuit notes in *Gonzalez, McCarthy* has been superseded by the PLRA to the extent it held that federal prisoners seeking monetary damages in a Bivens action are not required under 42 U.S.C. § 1997e to exhaust administrative remedies provided by the Bureau of Prisons. However, *McCarthy's* principle that when exhaustion is not statutorily mandated, "sound judicial discretion governs," 503 U.S. at 144, remains good law, as does its further admonitions on how that discretion should be utilized. *See, e.g., Zephyr Aviation, L.L.C. v. Dailey*, 247 F.3d 565, 570–73 (5th Cir. 2001). *Gonzalez*, 355 F.3d 1010, 1016 n. 5.

Records attached to the petition reflect that Lind began her commitment on July 24, 2012 (Doc. 7, p. 10). From Lind's perspective, she should be afforded 81 days of GTC, rather than 70 days. She also asserts that she is entitled to the maximum period in a community correctional facility (12 months) and the maximum period allowable in home confinement (10 percent of her term of imprisonment), with those terms running consecutively.

On December 21, 2012, Lind was notified that her request for more than six months RRC placement had been denied (Doc. 7, p. 17). Based on the amount of time Lind had served, her release needs, and her ties to the community, it was determined that six months was enough time for her to reintegrate into the community (Doc. 7, p. 17). On March 15, 2013, Lind's Release Plan confirmed that she was to be released "for home confinement or RRC" on May 17, 2013 (Doc. 7-1, p. 18).

Beginning December 14, 2012, Lind submitted multiple informal requests for reconsideration, all of which were unsuccessful (*see* Doc. 7, pp. 17-23; Doc. 7-1, pp. 1-17). Lind acknowledges that she has not exhausted formal administrative remedies, due to time constraints (Doc. 7, p. 2). She contends that her unsuccessful informal efforts to secure a recalculation illustrate the futility of pursuing administrative remedies, and the prison administrations' firm position (Doc. 7, p. 2). Lind now argues that any attempt to pursue an administrative remedy at this juncture will only further delay her RRC placement (Doc. 7, p. 2).

### 3. <u>Analysis</u>

Delving first into whether Petitioner Lind has exhausted administrative remedies, the Court concludes that she has not done so. In this instance the Court shall not exercise its discretion to excuse exhaustion, as Lind admits that she has not attempted to pursue her formal administrative remedies before filing this petition.[2] Lind only attempted to resolve her issues by way of informal discussions with Warden Cross. Lind offers no more than conjecture that it would be futile to seek administrative relief.

Lind is scheduled for release to an RRC or on home confinement on May 17, 2013, which has just passed. She received an initial projection of her GTC calculation on November 20, 2012 (Doc. 7, p. 10), and her RRC placement decision on an unspecified date before December 21, 2012 (*see* Doc. 7, p. 17 (response to first request for an earlier RRC release date)). Lind admittedly had scant time to challenge the GTC calculation and to seek an earlier RRC release date. However, Lind could have at least filed a BP–9 or otherwise sought an expedited administrative appeal. She has not indicated that the administrative process was unavailable. *See Woodford v. Ngo,* 548 U.S. 81, 83-84 (2006); *Pozo v. McCaughtry,* 286 F.3d 1022, 1024-25 (7th Cir. 2002). Without any attempt to

---

[2] The procedures for administrative resolution of inmate complaints are set forth in 28 C.F.R. § 542. 10, *et seq*. An inmate must first "informally" present a complaint to staff for resolution. 28 C.F.R. § 542.13(a). If the inmate is dissatisfied with the response, she must file a BP–9 (Request for Administrative Remedy) seeking administrative review with the warden within 20 days of the incident. *See* 28 C.F.R. § 542.14(a). If the warden does not satisfactorily resolve the grievance, the inmate has 20 days to file a BP–10 with the Bureau of Prisons' regional director. *See* 28 C.F.R. § 542.15(a). If the matter is not resolved by the regional director's disposition, the final level of appeal is to the Bureau of Prisons' general counsel, where a BP–11 must be filed within 30 days. *Id*.; *see also Massey v. Helman*, 259 F.3d 641, 643 (7th Cir. 2001).

initiate an administrative remedy beyond an informal request, Lind has left this Court with nothing more than her own allegations and speculation in support of her petition. Under these circumstances, Lind's failure to exhaust administrative remedies prior to filing her Section 2241 petition is not excused, but that does not end the matter.

Insofar as Lind may now have been released from FCI Greenville, it is debatable whether Lind's failure to exhaust administrative remedies should *now* be excused. Administrative remedies should have been exhausted *prior* to Lind filing this action. *See Sanchez v. Miller,* 792 F.2d 694, 697 (7th Cir.1986), *cert. denied,* 479 U.S. 1056 (1987); *Anderson v. Miller,* 772 F.2d 375, 376–77 (7th Cir.1985), *cert. denied,* 475 U.S. 1021 (1986). However, BOP administrative remedies are only available to inmates while incarcerated in BOP institutions, and to former inmates for issues that arose while they were incarcerated. 28 C.F.R. § 542.10(b). Nevertheless, with respect to RRC release, allowing an inmate to sit on her hands and wait to file a petition until she is inside the 12-month release window would make a mockery of the exhaustion requirement. Issues regarding RRC release and GTC calculations are best addressed through the BOP, before an inmate is released. Therefore, Lind's failure to exhaust administrative remedies will not be excused merely because she may have been released.

Moreover, when a prisoner is released from incarceration, any challenge to the length of her sentence becomes moot unless she continues to suffer collateral consequences that may be redressed in a petition for habeas corpus. *See Spencer v. Kemna,* 523 U.S. 1, 7 (1998) (disregarding respondent's mootness

argument in Section 2241 case where petitioner had been released). Thus, release creates new and different arguments not contemplated in the current petition.

For these reasons, the Court **DENIES** the petition (Doc. 7) and **DISMISSES** Lind's claims **without prejudice** for failure to exhaust.

**IT IS SO ORDERED.**

Signed this 20th day of May, 2013.

Digitally signed by
David R. Herndon
Date: 2013.05.20
17:00:31 -05'00'

**Chief Judge
United States District Court**